```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


JAN M. BASILEVAC,              )
                               )
               Plaintiff,      )
                               )
vs.                            )    Case No. 07-1012-WEB
                               )
MICHAEL J. ASTRUE,[1]          )
Commissioner of                )
Social Security,               )
                               )
               Defendant.      )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. On September 8, 2007, plaintiff filed her brief (Doc. 11). On October 16, 2007, the defendant filed a motion to reverse and remand for further hearing (Doc. 14-15). On November 16, 2007, plaintiff filed her response to defendant's motion, arguing that plaintiff has established her disability by substantial evidence,

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

and, in the alternative, arguing that if the case is remanded, it should be done with respect to all the errors alleged by plaintiff in her brief (Doc. 18).

Defendant's motion to reverse and remand for further hearing asserts the following:

> The ALJ found that Plaintiff had the severe impairments of a seizure disorder and depression/anxiety (Tr. 20). The ALJ did not address the alleged residuals affecting the right side of Plaintiff's body resulting from meningitis and a stroke at age 18 months (Tr. 190). As a result, Plaintiff reports that she is weaker on her right side and has limited use of her right hand (Tr. 108, 148, 151). After careful review of the administrative law judge's (ALJ) decision and Tenth Circuit law, Defendant submits that remand is necessary for further consideration of Plaintiff's claim...
>
> The ALJ will be directed to reevaluate the severity of Plaintiff's impairments, if necessary obtaining evidence from a medical expert and/or a neurological consultative assessment to assist in clarifying the nature and severity of her impairments. The ALJ will be directed to give further consideration to the treating source opinions pursuant to 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Ruling (SSR) 96-2p. He will give further consideration to non-examining source opinions pursuant to 20 C.F.R. §§ 404.1527(f) and 416.927(f) and SSR 96-6p. As appropriate the ALJ may request the treating source to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff can still do despite her impairments.
>
> The ALJ will further evaluate Plaintiff's subjective complaints and provide rationale in accordance with 20 C.F.R. §§ 404.1529 and 416.9029 and SSR 96-7p. The ALJ

> will assess the third-party statements in the
> record. The ALJ will further consider
> Plaintiff's residual functional capacity
> (RFC) and provide rationale with specific
> references to supporting evidence in the
> record. The ALJ will obtain supplemental
> vocational expert testimony to clarify the
> effect of the
> assessed limitations on Plaintiff's
> occupational base. Hypothetical questions to
> the vocational expert should reflect the
> specific limitations established by the
> record as a whole.

(Doc. 15 at 1-2).

The court finds this case should be reversed and remanded for further hearing for the reasons set forth by the defendant in their motion to reverse and remand for further hearing. Plaintiff asserts errors by the ALJ not specifically referenced in defendant's motion. Plaintiff argues that the ALJ did not discuss or explain why the plaintiff did not meet or equal listed impairment 11.02. Although the ALJ did not discuss that listed impairment in his decision, plaintiff failed to indicate how the evidence establishes that the listed impairment is met or equaled in this case. The court agrees that, on remand, the ALJ should discuss this listed impairment, but the court would remind plaintiff that she has the burden of proving that she either meets or equals a listed impairment at step three. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).

The court also agrees with the plaintiff that the ALJ failed to offer any explanation for his RFC findings. According to SSR

96-8p the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. <u>See</u> <u>Southard v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his

4

conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003). When this case is remanded, the ALJ shall comply with these requirements when making his RFC findings.

Although the ALJ noted that plaintiff had "some mental limitations" (R. at 18), the ALJ failed to identify the specific nature of those limitations. The court would therefore direct the ALJ to include in the RFC findings the specific mental limitations resulting from plaintiff's severe impairments of depression and anxiety in order to permit a proper determination of whether those specific mental limitations will allow plaintiff to perform other work in the national economy.

The ALJ shall also review all the medical and other evidence regarding the frequency of plaintiff's seizures, and then make a finding regarding the frequency of her seizures and the number of days of work she would miss due to her seizures, and include that

limitation in plaintiff's RFC.[2]  These findings must also be included in the hypothetical question to the vocational expert (VE).  The VE testified in this case that the plaintiff's ability to work would be impacted by the frequency of seizures and the number of days per month that she would miss; he testified that employers generally only allow an employee to miss two days a month (R. at 293).

The ALJ clearly erred by stating that her seizures did not require ongoing treatment (R. at 18) in light of the medical records of Dr. Liow indicating evaluation and treatment from August 14, 2001 through February 17, 2005 (R. at 175-194, 212-217).  At her last visit on February 17, 2005, the medical records indicate that they planned on seeing the plaintiff again in one year (R. at 214).

As noted by the plaintiff, the ALJ failed to consider and weigh all the evidence, particularly the evidence regarding the frequency of her seizures, and its impact on her ability to work.  The court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996); Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to

---

[2]As noted by plaintiff in her brief, the frequency of seizures has varied from 1 to 3 a month (Doc. 11 at 7-8).  Dr. Liow's report on February 17, 2005 indicated that she had three seizures in October 2004 and two seizures in December 2004, but she had not had a seizure since December 30, 2004 (R. at 212).

determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards.  <u>Clifton</u>, 79 F.3d at 1009.  Therefore, the court recommends that defendant's motion to reverse the findings of the Commissioner and remand the case for further hearing should be granted.  The case should be remanded for the reasons set forth in defendant's motion to remand, and for the additional reasons set forth in this opinion.  Upon remand, the ALJ should consider all of the arguments raised by plaintiff in her brief.

IT IS THEREFORE RECOMMENDED that defendant's motion (Doc. 14) be granted, that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on November 28, 2007.


                              JOHN THOMAS REID
                              United States Magistrate Judge